## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2016, 7:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Khalil Reeves,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 23, 2016

Court of Appeals Case No.
49A04-1508-CR-1132

Appeal from the Marion Superior Court.
The Honorable Anne Flannelly, Magistrate.
Cause No. 49G07-1411-CM-52521

**Darden, Senior Judge**

## Statement of the Case

The trial court determined that Khalil Reeves stole jeans from a store. Reeves appeals his conviction of theft, a Class A misdemeanor. Ind. Code § 35-43-4-2 (2014). We affirm.

# Issue

Reeves raises one issue, which we restate as: whether the evidence is sufficient to sustain his conviction.

# Facts and Procedural History

On November 21, 2014, Tyler Gutierrez was at his job managing a clothing store located in Castleton Square Mall in Indianapolis. When Gutierrez returned to the store after taking a break, he saw a man later identified as Reeves shopping with another man and two women.

As Gutierrez spoke with his subordinates, he watched Reeves walk toward the store's exit carrying two pairs of jeans in his right hand. Reeves walked past the point of sale without stopping to pay. As Reeves left the store, sensors on the jeans set off an alarm. Later, a review of the security recording showed Reeves approaching a display of jeans and then carrying the jeans toward the exit.

Gutierrez and another store employee followed Reeves and Reeves' companions. Gutierrez stopped Reeves and repeatedly asked him to return the jeans. Reeves refused and said the jeans were his. He did not offer to produce a receipt for the jeans. Instead, Reeves dropped the jeans and swung at Gutierrez with his right fist. Reeves and Gutierrez ended up on the floor, and Reeves got up and ran away with his companions. Gutierrez and his fellow employee gave chase, caught up with Reeves elsewhere in the mall, and subdued him.

When Gutierrez retrieved the jeans, the store's sensors were still attached. Later, Gutierrez examined his store's sales records for that day and did not find any purchases of the brand, size, and SKU number of the jeans that Reeves had carried out of the store.

The State charged Reeves with one count of theft. The case was tried to the bench. The court determined that Reeves was guilty and imposed sentencing. Reeves now appeals.

## Discussion and Decision

Reeves argues the State did not demonstrate that he took the jeans without paying. When we review the sufficiency of the evidence to support a criminal conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Buelna v. State*, 20 N.E.3d 137, 141 (Ind. 2014). We neither reweigh the evidence nor assess witness credibility. *Id.* We will affirm the conviction unless no reasonable factfinder could conclude the elements of the crime were proven beyond a reasonable doubt. *Id.*

To convict Reeves of theft as a Class A misdemeanor, the State was required to prove, beyond a reasonable doubt, that Reeves (1) knowingly or intentionally (2) exerted unauthorized control (3) over property of the store (4) with intent to deprive the store of any part of its value or use. Ind. Code § 35-43-4-2.

The evidence most favorable to the conviction shows that Reeves walked out of the store with two pairs of jeans without paying for them. The jeans still had the store's sensors attached and set off an alarm. Gutierrez and another

employee confronted Reeves and repeatedly directed him to return the jeans. Instead of complying or producing a receipt, Reeves refused, dropped the jeans, and attempted to strike Gutierrez. After ending up on the floor, Reeves fled but was later apprehended. The store's records indicated that the jeans in question had not been purchased.

[11] Reeves claims that Gutierrez's testimony is the only evidence against him and that the testimony is incredibly dubious. The incredible dubiosity rule allows a court to impinge upon a fact-finder's determination of witness credibility in limited circumstances. *Bullock v. State*, 903 N.E.2d 156, 164 (Ind. Ct. App. 2009). The rule applies only when a single witness presents inherently improbable testimony and there is a complete lack of supporting circumstantial evidence. *Id.* Incredible dubiosity is a difficult standard to meet, requiring ambiguous, inconsistent testimony that runs counter to human experience. *Carter v. State*, 44 N.E.3d 47, 52 (Ind. Ct. App. 2015).

[12] Here, based on our review of the record, we cannot conclude Gutierrez's testimony was improbable or equivocal. He clearly identified Reeves in court and testified that he saw Reeves walk out of the store with jeans in his hand without paying for them. In addition, Gutierrez also testified that he and Reeves were later involved in an altercation over the jeans. Gutierrez's testimony was supported by additional evidence in the form of security recordings showing Reeves approaching a jeans display in the store and then leaving while carrying jeans in his hand, with the sensor tags still attached to the jeans. Reeves' claim must fail.

Reeves also points to evidence that he had purchased the jeans with cash and rejected the sales clerk's offer of a bag. This argument is a request to reweigh the evidence, which our standard of review forbids.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Crone, J., concur.